PALMENBING v. BUCHHOLZ.

SAME v. BAUMAN.

SAME v. HOHLWECK.

(*Circuit Court, S. D. New York.*   October 2, 1882.)

PATENT No. 76,394—DISPLAY DUMMY.

   A patent for a dummy to display clothing in form, substantially like the wire
   dummies in previous use, but made of *papier mache*, a material that had been
   previously used to make lay figures, representing various personages, many
   of whom were draped in suitable clothing, cannot be considered as valid be-
   cause the device is destitute of patentable novelty.

*Frank V. Briesen*, for complainant.

*Frost & Coe*, for defendants.

WALLACE, C. J.   These suits are founded upon letters patent No.
76,394, granted to W. E. Brock, and bearing date April 7, 1868, for
an improvement in dummies for displaying clothing.   Such devices
are used by designers and sellers of wearing apparel to test and dis-
play the cut, style, and general appearance of the garments.   The
specification describes the invention to consist of a shell of paper or
*papier mache*, resembling in configuration the body of a human being,
with legs and arms, if desired.   A head-piece of wood or other suit-
able material is secured in the neck or upper end of the shell, into
which is fitted a vertical supporting shaft, which extends centrally
through the shell and is furnished at its lower end with an appro-
priate base.   The shaft is provided with radial braces, which serve
to retain the shell in proper position upon the shaft.   It is designed
to be an improvement upon the wire dummy in ordinary use for dis-
playing clothing, and contains the same parts and arrangement of
parts, except that the paper or *papier mache* shelf is substituted for
the skeleton frame of the wire dummy.   It is shown by the proofs
that paper and *papier mache* had been used in constructing lay figures
representing various celebrated personages, and was well known as a
suitable material for that purpose previous to its use by the patentee.
These lay figures were hollow, and the paper or *papier mache* was used
to form the shell or exterior surface of the figures, but the faces and
hands were usually made of wax.   They were clothed with costumes
appropriate to the personages represented.

   Inasmuch as the wire dummies did not contain the paper or *papier
mache* shell, and the lay figures did not contain head-piece, shaft

braces, or base of the patented device, they were not anticipations of it. The proofs show that the patented dummy has commended itself to the public interested in such devices. It is a better model of the human figure, and because of the continuous surface of the shell clothing can be made to fit more accurately upon it than upon the intersticial frame or shell of the wire dummy. But the patent cannot be sustained because the device is destitute of patentable novelty. If the substitution of the paper or *papier mache* for the wire of the shell or frame was obviously practicable, the patentee was not an inventor. If mechanics, skilled in the particular department of construction, could have seen at a glance the feasibility of the change, then, although the device may have been mechanically new, it was not intellectually novel. The paper which was substituted for the wire had been used to make the shell of a figure in imitation of the human body, and the figures in which it was thus used had been employed for displaying clothing. The displaying of clothing was not the primary purpose for which these lay figures were intended, but that use was not only suggested, but was very obviously one of the ends in view. Not only, therefore, had the material that the patentee substituted for the wire been employed, as he employed it, to make the shell or frame of a figure resembling the human body, but it had also been applied to perform the same office. The new application of an old material to a cognate use will not generally support a patent, but here it was employed in the same use.

The bill in the several cases is dismissed.