## NATIONAL CASKET CO. v. STOLTZ.

(Circuit Court, S. D. New York. January 2, 1904.)

1. PATENTS—INVENTION—FACE PLATE FOR CASKETS.
    The Hamilton patent, No. 619,567, for a face plate for burial caskets,
    consisting of a sliding frame over which is stretched a transparent gauze
    fabric, embodies nothing more than the substitution of the gauze fabric
    previously used for like purposes, for the glass plate in common use in
    a similar frame, which, in view of the prior art, did not involve invention.

In Equity. Suit for infringement of letters patent No. 619,567, for a face plate for burial caskets, granted to William Hamilton February 14, 1899. On final hearing.

Duell, Megrath & Warfield (C. H. Duell and Wm. A. Megrath, of counsel), for complainant.

Briesen & Knauth (A. v. Briesen and Hans v. Briesen, of counsel), for defendant.

HAZEL, District Judge. This suit in equity involves the validity of United States letters patent No. 619,567, issued to complainant as assignee of William Hamilton, inventor, February 14, 1899. The alleged invention is a sliding frame or face plate for a burial casket, having a transparent nonbrittle gauze fabric stretched over a frame which slides into place at the upper or face end of the casket. The object of the invention is stated to be to do away with the difficulties arising from the use of glass plates or panels commonly used in burial caskets. The specification further states that glass panels are liable to become broken in course of transportation of the burial casket, and to overcome such inconvenience the casket is provided with a frame over which is stretched a strip of a transparent fabric—such,

for instance, as silk or wire gauze. According to complainant, the additional advantages secured by the invention consist in its use as a protection to the face of the dead, ventilation of the burial casket, and the absence of shadow. The defendant contends that the doctrine of double use applies, namely, that the specification merely discloses a simple device which in effect substitutes a gauze fabric or netting for glass. Many devices are also cited in anticipation of the invention. The Graffman patent, No. 56,551, consists of a wire gauze for ventilating a beehive. The Hamlin, No. 340,114, discloses a bee-trap which had a movable slide made of transparent material. The Turnispeed patent, No. 108,536, relates to protecting bees from moths by the use of wire netting. Attention is called to cheese and bread boxes having gauze lids to prevent flies and insects from injuring the contents and permitting ventilation. The Manning patent, No. 404,-639, describes a coffin at the end of which is a wire gauze frame used for the purpose of ventilation. The frame is held in place at the end of the coffin, while in the patent in suit the frame and fabric are used as the face plate. The Quint patent, No. 210,210, consists of a stretched sheet of fabric placed underneath the glass cover or coffin lid. It is described as a curtain or screen of any suitable opaque substance wound on a roller. The specification states the device may be used in coffins with or without a glass plate. The material may be flexible. The Hill patent, No. 83,964, shows a separate frame for the glass, which is guided to slide in grooves beneath the lid of the coffin. The evidence is conclusive that long prior to the invention the use of silk illusion or closely woven fabric to cover the face of the deceased in a casket was very familiar and in common use. The silk illusion was ordinarily fastened at the head of the casket and the loose part laid over the face. To stretch illusion or transparent fabric over a frame well known in the art, and guided to slide at the upper end of the casket, and its substitution for a glass plate used in a like construction and for a like purpose, did not, in my opinion, require inventive skill. The patent of the complainant embodies nothing new that was not obvious to the skilled in the art. The references to prior patents show beyond doubt that the sliding frame as built in the Hamilton device was old. The use of a gauze fabric to preserve the contents of a receptacle from dust and insects was familiar. To shield the face of the dead, when placed in a coffin, by means of transparent fabric, was not new. It is perfectly true that the substitution of a gauze fabric for glass may nevertheless involve patentable novelty, provided the adaptation involved the exercise of inventive genius, and did not depend upon the ordinary skill of a mechanic acquainted with the art. Frost v. Cohn, 119 Fed. 505, 56 C. C. A. 185. It is also doubtless true that a new combination of old elements which achieves a new result may constitute invention. Hale & Kilburn Mfg. Co. v. Oneonta, C. & R. S. R. Co. (C. C.) 124 Fed. 514. Here the precise combination with glass covering instead of gauze fabric was in common use long prior to Hamilton's application. Plainly, the fabric was merely a substitute for glass. The fabric arranged in the coffin somewhat differently had been commonly known to chiefly secure the same advantages which it is claimed were secured by the patent

in suit. No new result seems to have been achieved ·unless the pri-mary purpose of the patentee, namely, to obviate the liability of breaking the glass in transportation, is entitled to the protection of the patent laws. In view of what was common knowledge, the skilled in the art doubtless could have seen the advantages of the change from glass to a transparent fabric. The device plainly consists in merely changing the one for the other. This change was obvious to an ordinarily skilled mechanic acquainted with the business of making coffins. No such advance in the art is perceived as to entitle the improvement to a patentable construction. The conclusion reached finds support in the following cases: Hotchkiss v. Greenwood, 11 How. 248, 13 L. Ed. 683; Stephenson v. Brooklyn Cross-Town Rd. Co., 114 U. S. 149, 5 Sup. Ct. 777, 29 L. Ed. 58; Atlantic Works v. Brady, 107 U. S. 199, 2 Sup. Ct. 225, 27 L. Ed. 438; Palmenbing v. Buchholz (C. C.) 13 Fed. 672.

It follows from the foregoing that the bill must be dismissed, with costs.